Filed 5/25/23  P. v. Rosales CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ERIC MENCHACA ROSALES,<br><br>Defendant and Appellant. | F085430<br><br>(Super. Ct. No. VCF404576A)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Nathan G. Leedy, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Detjen, Acting P. J., Peña, J. and Snauffer, J.

## STATEMENT OF APPEALABILITY

This is an appeal from a final judgment and sentence following a plea of no contest. (Cal. Rules of Court, rule 8.304(b)(4)(B).) It is authorized by Penal Code section 1237.[1]

## STATEMENT OF THE CASE

In a complaint filed on October 29, 2020, the Tulare County District Attorney charged Rosales with robbery of J.S. (§ 211, count 1); attempted robbery of C.T. (§§ 664, 211; count 2); attempted robbery of D.C. (§§ 664, 211; count 3); assault with a semiautomatic firearm as to J.S., C.T. and D.C. (§ 245, subd. (b); counts 4, 5 & 6); and active participation in a street gang (§ 186.22; subd. (a); count 7). It was additionally alleged that Rosales committed the offenses for the benefit of a gang (§ 186.22, subd. (b)(1)(C); counts 1-6); a principal (Rosales) used a firearm (§ 12022.53, subds. (b), (e)(1); counts 1-3); Rosales personally used a firearm (§ 12022.5, subd. (a)(1); counts 1-6); and Rosales had suffered a prior serious or violent offense (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and a serious prior conviction (§ 667, subd. (a)(1) (counts 1-7).

On September 12, 2022, Rosales pleaded no contest to count 1 and admitted the section 186.22, subdivision (b)(1)(C) allegation, an amended section 12022.5, subdivision (a) allegation, and that he had previously been convicted of a serious or violent offense with the meaning of sections 1170.12, subdivision (a) through (d) and 667, subdivisions (b) through (i). He also pleaded no contest to count 3. All of the remaining charges and allegations were dismissed. The plea was based on an indicated sentence of 10 years in prison comprised of the aggravated term for count 1, the section 211 violation, doubled due to Rosales's prior strike. Counsel stipulated that the preliminary hearing transcript provided a factual basis for the plea.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

On November 7, 2022, the trial court sentenced Rosales to prison to the aggravated 10-year term. The court awarded custody credits of 741 actual days and 111 conduct days (§ 2933.1), for a total of 852 days. On count 3, the court sentenced Rosales to a concurrent three-year term comprised of the upper term, doubled. He was ordered to pay a $300 restitution fine (§ 1202.4), a $300 parole revocation fine (§ 1202.45), an $80 court operations assessment (§ 1465.8), and a $60 criminal conviction assessment (Gov. Code, § 70373). Victim restitution remained open.

On December 13, 2022, Rosales filed a timely notice of appeal. He did not obtain a certificate of probable cause.

## STATEMENT OF FACTS

On October 27, 2020, shortly after 7:00 p.m., J.S. was with his brother, D.C., and two friends (including C.T.) at his mother's apartment in Woodlake. J.S. and his companions were outside drinking beer while J.S. washed his truck. J.S. saw a blue Camry drive slowly by, which then stopped. J.S. then noticed two of the Camry's occupants, Rosales and co-defendant Juan Iniguez, had exited the Camry and were walking toward him. Rosales and Iniguez were about 30 to 40 feet from J.S. when Rosales pulled out a gun and Iniguez pulled out brass knuckles and asked J.S. and his companions if they were Sureños. J.S. replied that he was not, and that he and his friends were simply construction workers. Rosales asked for everything in J.S.'s pockets so J.S. gave Rosales his two cell phones and $20, and his keys. Rosales also pointed the gun at D.C. and C.T.; the other friend had walked away. After the robbery, the two suspects ran, got into the blue Camry, and left; neighbors called the police.

After being dispatched, Woodlake Police Officer Juan Gonzalez observed and then pulled over the Camry about half a mile away from the scene of the robbery. Officer Gonzalez made contact with the Camry's occupants; Rosales was a rear passenger. Officer Gonzalez canvassed the area and found two cell phones and a loaded firearm, all within about 40 feet of each other on the roadway shoulder.

Officer Sage Lopez assisted with the in-field identification with J.S., D.C., and C.T.; all three identified Rosales as the one with the firearm. All three also identified the firearm. Officer Lopez was also able to determine that the two cell phones Officer Gonzalez found were the ones taken from J.S.

Officer Lopez also interviewed C.T., who said he heard Rosales say, "This is VWL." C.T. also said J.S. pointed the gun at his neck.

Officer Alexander Cruz testified as the gang expert. He testified there are Norteños in Woodlake, one of the subsets being the Varrio Woodlake Locos (VWL). The Norteños are a prison gang formally known as the Nuestra Familia. Shot callers in the prisons call the shots for subsets like VWL. According to Officer Cruz, typical major Norteño crimes are "robbery, murder, carjacking, assault with deadly weapons, [and] various other serious crimes."

***Predicate Gang Offenses***

In 2013, police officers spoke with an assault victim at the hospital who indicated that numerous subjects shouted gang slurs and terms, one of them being Julian Cardenas, a confirmed VWL member.

In 2012, Rosales was convicted of stealing a skateboard. The victim said he had been stabbed by three people, one of whom was Rosales. During the assault, Rosales and others shouted northern gang terms, including "VWL."

Officer Cruz opined Rosales was a gang member based upon "prior contacts and gang contacts with [Rosales]." When asked how Rosales's crimes would promote, further or assist gang members in committing future crimes, Officer Cruz replied as follows: "By giving them a reputation of being violent and willing to do violent crimes in allegiance to their gangs. So other gang members would, you know, instill fear into them and respect them more and instill fear into the citizens to not testify with officers or give statements."

4.

## APPELLATE COURT REVIEW

Rosales's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes the declaration of appellate counsel indicating Rosales was advised he could file his own brief with this court. By letter on April 6, 2023, we invited Rosales to submit additional briefing. To date, he has not done so.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Rosales.

## DISPOSITION

The judgment is affirmed.